Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Patrick G. Conroy, OSB #223806
Email: patrick@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

*Of Attorneys for Plaintiff Jennifer Hughes*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JENNIFER HUGHES, an individual,<br><br>              Plaintiff,<br>  v.<br><br>PORTLAND PUBLIC SCHOOLS, a public body.<br><br>              Defendant. | Case No. 3:25-cv-788<br><br>COMPLAINT<br>DISABILITY DISCRIMINATION AND EMPLOYMENT RETALIATION<br><br>Claim for Relief: $318,000<br><br>**DEMAND FOR JURY TRIAL** |

**I. INTRODUCTION**

1.     Plaintiff Jennifer Hughes ("Plaintiff") brings this action against Defendant Portland Public Schools ("PPS" or "District") for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and Oregon's disability discrimination statute, ORS 659A.112.

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

PAGE 1 – COMPLAINT

2.      This action arises from PPS's ongoing refusal to reasonably accommodate Plaintiff's medically documented disability and its retaliatory and discriminatory actions, which have caused Plaintiff emotional, reputational, and financial harm.

## II. JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims).

4.      Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this district and the Defendant resides within this district. Pursuant to Local Rule 3-2, Portland is the proper division for this matter because the events giving rise to the claims occurred in Multnomah County and the Defendant resides within this district.

## III. PARTIES

5.      Plaintiff is a resident of Multnomah County, Oregon, and was at all relevant times an employee of Defendant PPS.

6.      Defendant Portland Public Schools is a public body organized under Oregon law, located at 501 N Dixon Street, Portland, Oregon 97227 which at all relevant times employed Plaintiff.

## IV. FACTUAL ALLEGATIONS

7.      Plaintiff is a qualified individual with a disability under the ADA and ORS 659A.112.

8.      Defendant has been aware of Plaintiff's documented disability and required accommodations since at least September 2022.

9.      Plaintiff is a teacher who was (and is) qualified for multiple open secondary-level positions, and accommodations were available that would not have imposed an undue hardship on the District. Plaintiff has made a variety of attempts to encourage Defendant to comply with the ADA including:

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

PAGE 2 – COMPLAINT

  a. Plaintiff engage in a protected activity by requesting an accommodation for her disability commencing in September 2022.

  b. Later, on October 2, 2023, Plaintiff's legal counsel (via letter) requested a reasonable accommodation for secondary placement.

  c. Plaintiff's legal counsel also emailed Defendant regarding their willful failure to place the Plaintiff.

10. Despite multiple physician-certified restrictions limiting Plaintiff to teaching at the secondary level, PPS repeatedly offered and then rescinded secondary assignments, including at Ida B. Wells High School.

11. On multiple occasions, Plaintiff accepted positions at secondary schools only to have the offers revoked without explanation or in favor of non-disabled applicants including, but not limited to the following:

  a. In May 2024, a .5 FTE (half time) position became available at Ida B. Wells High School and Plaintiff accepted the position on or about June 12, 2024. The District provided no confirmation and assigned the position to another individual who was not disabled.

  b. In July 2024 the Defendant reoffered the (.5 FTE) position at Ida B. Wells offering to split a (1.0 FTE) position and Plaintiff accepted on or about July 24, 2024.

  c. On or about August 8, 2024, Defendant notified Defendant they filled the position with a retired teacher, who, on information and belief, was not disabled.

  d. Separately, in June 2024, Plaintiff interviewed for a secondary position at Franklin High School. Plaintiff requested an accommodation, and Defendant filled the position with another candidate who on information and belief was not disabled.

12. In August 2024, PPS assigned Plaintiff to Rosa Parks Elementary School—an assignment in direct conflict with her medical restrictions.

13. The Plaintiff has consistently provided up-to-date medical documentation supporting her need for secondary placement and part-time employment to Defendant.

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

PAGE 3 – COMPLAINT

14. The Defendant has failed to engage in a good-faith interactive process as required by law and has instead attempted to force Plaintiff into positions in violation of her medical restrictions, including but not limited to the following:

    a. In August 2024 Plaintiff was forcibly reassigned to Rosa Parks Elementary which conflicted with her documented disability. Defendant demanded that Plaintiff report to Rosa Parks Elementary or lose her job on two occasions on or about August 22, and 26, 2024.

    b. Defendant refused to acknowledge Plaintiff's medical letters detailing the need for the accommodation on or about August 29, 2024. These adverse actions occurred within days of Plaintiff's protected activities in July and August of 2024.

    c. In January 2025, despite updated medical accommodations, Defendant refused to place Plaintiff into a suitable position at McDaniel High School.

15. Plaintiff filed a tort claim notice with PPS pursuant to ORS 30.275 on October 23, 2024 (Exhibit A). Plaintiff has exhausted her administrative remedies by filing a charge of disability discrimination with the Americans with Disabilities Act before the Equal Employment Opportunity Commission.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Violation of the Americans with Disabilities Act (42 U.S.C. § 12112(a))

16. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

17. Plaintiff could perform the essential functions of the position with or without reasonable accommodations.

18. Defendant failed to provide reasonable accommodation to Plaintiff despite being qualified for the essential functions of secondary-level positions with or without reasonable accommodation, and Defendant's refusal to accommodate caused material adverse employment

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

PAGE 4 – COMPLAINT

consequences in one or more particulars:

    a.    Defendant's failure to hire Plaintiff despite her qualifications, including the June 23, 2024, interview at Franklin High School where Hughes disclosed her disability and was rejected in favor of a non-disabled candidate and the associated email record of her qualifications and willingness to serve in secondary roles, with or without reasonable accommodation.

    b.    Defendant's rescinded offers for secondary positions which Plaintiff accepted, including the Ida B. Wells offers (May 2024, July 2024). These offers were accepted and then withdrawn despite express confirmation from Hughes and no change in eligibility.

    c.    Defendant's forced placement of Plaintiff in unsuitable elementary setting (Rosa Parks Elementary) despite express documentation and doctor certifications prohibiting elementary placements.

    d.    Defendant's attempted termination of Plaintiff's employment in 2023 based on her disability and inability to accept inappropriate placement. District tried to terminate Hughes for not working even though she was barred from the substitute teacher pool and refused an accommodation.

    e.    In January 2025, despite updated medical accommodations, Defendant refused to place Plaintiff into a suitable position at McDaniel High School.

19.    As a result of Defendant's unlawful disability discrimination under 42 U.S.C. § 12112(a), Plaintiff suffered adverse actions of being unemployed, loss of wages, benefits, emotional harm, and damage to her professional reputation and to incur attorney fees and costs.

### SECOND CLAIM FOR RELIEF
### Violation of ORS 659A.112 – Oregon Disability Discrimination

20.    Plaintiff realleges and incorporates all preceding paragraphs.

21.    Defendant had actual knowledge of Plaintiff's disability through personal

EMPLOYMENT LAW PROFESSIONALS NW, LLC  
20015 SW Pacific Hwy., Suite 221  
Sherwood, Oregon 97140  
(503) 822-5340 – Fax (503) 433-1404

PAGE 5 – COMPLAINT

conversations with Plaintiff, documents provided by Plaintiff's doctor, and as a result of correspondence between Plaintiff and Defendants.

22. Defendant repeatedly assigned Plaintiff to a position at elementary schools knowing that her disability restricted such an assignment. Defendant threatened Plaintiff with disciplinary action if she did not take the inappropriate positions as evidenced by threats of adverse action (e.g. termination) for failure to accept unlawful assignments and explicit threats that if she did not report to Rosa Parks Elementary, her job would be considered abandoned.

23. On information and belief, similarly, situated non-disabled persons were treated more favorably than Plaintiff as evidence by one or more of the following particulars:

    a. Multiple positions Hughes accepted were filled with non-disabled individuals (e.g., retired teacher at Ida B. Wells).

    b. Defendant's refusal to place her based on her accommodation and acknowledge her disability as a medical necessity by calling her disability a "preference" and placing non-disabled persons in the positions.

    c. Defendant's January 2025, refusal to place Plaintiff into a suitable position at McDaniel High School.

24. Defendant failed to provide reasonable accommodations and discriminated against Plaintiff based on her disability in violation of ORS 659A.112. The Defendant had actual knowledge of Plaintiff's disability because Defendant received multiple physician letters and communications from September 2022 onward including formal legal notice in October 2023, and reiterated accommodation requests in 2024.

25. As a result of Defendant's unlawful disability discrimination under ORS 659A.112, Plaintiff suffered adverse actions of being unemployed, loss of wages, benefits, emotional harm, and damage to her professional reputation and to incur attorney fees and costs.

**THIRD CLAIM FOR RELIEF**
**Failure to Engage in the Interactive Process (42 U.S.C. § 12112(b)(5)(A); ORS**

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

PAGE 6 – COMPLAINT

**659A.112(2)(e))**

26. Plaintiff realleges and incorporates all preceding paragraphs.

27. Defendant abandoned the interactive process and refused to engage in a timely, good-faith interactive process to determine appropriate accommodations, as mandated by both state and federal law as evidenced by one or more of the following particulars:

    a. Defendant's lack of response after Hughes's July 24 and August 2 emails confirming her acceptance of Ida B. Wells position.

    b. Repeated delays, shifting (and increasing) demands for medical documentation, and unjustified denials (e.g., claiming the doctor's letter was insufficient).

    c. ADA Coordinator Christine Zinter failed to attend a meeting, leaving the Human Resource staff unable to proceed with the meeting.

    d. Defendant's imposition of catch 22-scenarios, Defendant refused to assign Plaintiff substitute assignments unless she agreed to take elementary teaching assignments contrary to her disability restriction, while simultaneously denying her substituting assignments which complied with her disability accommodations.

    e. Defendant sent final email communications to Plaintiff offering substitute assignments which her disability didn't allow her to take, followed by complete silence. In January 2025, despite updated medical accommodations, Defendant failed to place Plaintiff into a suitable position at McDaniel High School.

28. Defendant's failure occurred despite Plaintiff providing multiple physician-certified letters and engaging actively in the process.

29. Plaintiff's protected activity requesting accommodation for her disability was a motivating factor in Defendant's decision to revoke positions offered to Plaintiff and to assign Plaintiff to positions that were inappropriate for her disability.

30. As a result of Defendant's unlawful disability discrimination under 42 U.S.C. § 12112(a), Plaintiff suffered adverse actions of being unemployed, loss of wages, benefits,

emotional harm, and damage to her professional reputation, and to incur attorney fees and costs.

## FOURTH CLAIM FOR RELIEF
### Retaliation under ADA (42 U.S.C. § 12203(a))

31.     Plaintiff realleges and incorporates all preceding paragraphs.

32.     Defendant retaliated against Plaintiff for requesting accommodations by withdrawing offers and assigning her to non-compliant roles.

33.     The protected activity of requesting accommodations was a motivating factor in the Defendant's adverse employment actions, including reassignment to inappropriate positions and revoking offers based on one or more of the following particulars:

   a.     Defendant rescinded accepted offers shortly after Hughes reiterated her accommodation needs (e.g., July-August 2024).

   b.     Defendant's threats of coercion following accommodation requests (e.g. demand to report to Rosa Parks Elementary School or be fired after ADA-based requests and legal counsel involvement.).

   c.     Defendant blacklisting Plaintiff from employment opportunities after the tort claim notice on October 23, 2024, including by ceasing to communicate with Plaintiff, leaving Plaintiff without any job assignments.

   d.     Defendant's pretextual reasoning associated with withdrawal of offers which are contradicted by written records (e.g., deadlines they claimed were missed were not).

34.     Plaintiff's protected activity requesting accommodation for her disability was a motivating factor in Defendant's decision to revoke positions offered to Plaintiff and to assign Plaintiff to positions that were inappropriate for her disability.

35.     As a result of Defendant's unlawful disability discrimination under 42 U.S.C. § 12112(a), Plaintiff suffered adverse actions of being unemployed, loss of wages, benefits, emotional harm, and damage to her professional reputation, and to incur attorney fees and costs.

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

PAGE 8 – COMPLAINT

**VI. PRAYER FOR RELIEF**

1. Declaratory judgment that Defendant violated Plaintiff's rights under the ADA and ORS 659A.112.

2. Injunctive relief requiring Defendant to assign Plaintiff to a secondary-level teaching position consistent with her medical limitations.

3. Back pay, in an amount according to proof but no less than $92,000.

4. Front pay, in an amount according to proof but no less than $67,000.

4. Compensatory damages for emotional distress, in an amount according to proof but no less than $159,000.

5. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12205 and ORS 659A.885.

6. Pre- and post-judgment interest as allowed by law.

7. Any other relief the Court deems just and equitable.

**JURY TRIAL DEMANDED**

DATED this 9th day of May 2025.

        Respectfully submitted,

        EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC

By:    */s/ Randy J. Harvey*
       Randy J. Harvey, OSB #116714
       Email: randy@elpnw.com
       Patrick G. Conroy, OSB #223806
       Email: patrick@elpnw.com
       20015 SW Pacific Hwy., Suite 221
       Sherwood, Oregon 97140
       Telephone: 503-822-5340

       *Of Attorneys for Plaintiff Jennifer Hughes*

EMPLOYMENT LAW PROFESSIONALS NW, LLC
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

PAGE 9 – COMPLAINT